UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO.: 5:03-CR-39

'06 NOV -3 P5:24

FILED

IN DISTRICT COURT CLERK
WESTN DIST KENTUCKY

UNITED STATES v. WOLFE

# JURY INSTRUCTIONS

**INSTRUCTION NO. 1**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proven the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**INSTRUCTION NO. 2**

As you know, the Defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with the Defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a defendant is guilty, and this burden stays on the Government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

# INSTRUCTION NO. 3

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 4

### Count 1 - Violation of Title 18, United States Code, Section 1111

### Murder in the Second Degree

In Count 1, Defendant is charged with murder in the second degree.  For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

**First:** That the Defendant killed Brayden Grover, a human being;

**Second:** That the Defendant killed Brayden Grover with malice aforethought; and

**Third:** That the killing occurred on the U.S. Army base at Fort Campbell, Kentucky.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

If you find beyond a reasonable doubt that the offense occurred at the location alleged and described in the Indictment, you are instructed that the location would be within the territorial jurisdiction of the United States.

4

**INSTRUCTION NO. 5**

**Count 2 - Violation of Title 18, United States Code, Section 1112**

**Involuntary Manslaughter**

If you find the Defendant not guilty of second degree murder or if after making every reasonable effort to reach a unanimous verdict on that charge, you find that you cannot agree, then you must go on to consider whether the Government has proved the lesser charge of involuntary manslaughter.  The difference between these two crimes is that to convict the defendant of the lesser charge of involuntary manslaughter, the Government does not have to prove that the Defendant acted with malice aforethought, deliberately, intentionally, or recklessly with extreme disregard for human life.  This is an element of second degree murder, but not of involuntary manslaughter.  Instead of showing malice, to convict the Defendant of involuntary manslaughter, the government must either show that the Defendant committed an unlawful act, committed a lawful act in an unlawful manner, or acted either grossly or criminally negligently.  This is a far more serious level of guilt than that of ordinary negligence, but still short of the extreme recklessness or malice required for murder in the second degree.

In order for the Defendant to be found guilty of that involuntary manslaughter, the Government must prove each of the following elements beyond a reasonable doubt.

**First:**  That the Defendant committed an unlawful act not amounting to a felony, or committed a lawful act, done either in an unlawful manner or with wanton or reckless disregard for human life, which might produce death.

**Second:** That the Defendant's act was the proximate cause of the death of Brayden Grover.  A proximate cause is one which played a substantial part in bringing about the death, so that

5

the death was the direct result or a reasonably probable consequence of the Defendant's

act;

**Third:** That the Defendant either knew that such conduct was a threat to the life of Brayden

Grover or knew of circumstances that would reasonably cause the Defendant to foresee

that such conduct might be a threat to the life of Brayden Grover; and

**Fourth:** That the killing occurred at the U.S. Army base at Fort Campbell, Kentucky.

**INSTRUCTION NO. 6**

The law permits the jury to determine whether the Government has proven the guilt of Defendant Honey Lynn Wolfe for any less serious offense which is, by its very nature, necessarily included in the crime of second degree murder that is charged in Count One (1) of the Indictment.

If the jury should unanimously find that the Government has proven each of the essential elements of the offense of second degree murder charged in Count One (1) of the Indictment beyond a reasonable doubt, the foreperson should mark "guilty" on the verdict form and the jury's consideration is concluded.

If the jury should determine unanimously that the Government has not proven each element of the offense of second degree murder that is charged in Count One (1) beyond a reasonable doubt, then the foreperson should mark "not guilty" on the verdict form and the jury should then consider the guilt or innocence of Defendant for the less serious offense necessarily included in the offense of second degree murder.

Also, if, after reasonable efforts have been unsuccessful, the jury is unable to reach a verdict as to whether or not the Government has proven each element of the offense charged in Count One (1) of the Indictment, the jury should then consider whether or not Defendant Wolfe is guilty or not guilty of the less serious crime of involuntary manslaughter which is necessarily included in the offense of second degree murder charged in Count One (1).

The jury will bear in mind that the burden is always on the Government to prove beyond a reasonable doubt each and every element of any less serious offense which is necessarily

7

included in any crime charged in Count One (1).  The law never imposes upon a defendant in a

criminal case the burden or duty of calling any witnesses or producing any evidence.

**INSTRUCTION NO. 7**

You must make your decisions based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said.  These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 8**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

10

## INSTRUCTION NO. 9

A Defendant has an absolute right not to testify.  The fact that she did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.  Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt.  It is not up to the Defendant to prove that she is innocent.

## INSTRUCTION NO. 10

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the Government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) And, ask yourself how believable the witness's testimony was in light of all the other

12

evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**INSTRUCTION NO. 11**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning an important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

14

**INSTRUCTION NO. 12**

The Rules of Evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  "Expert witnesses" are an exception to this rule.  Witnesses, who, by education and experience, have become experts in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be an expert, and may also state their reasons for the opinion.  You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.  Remember that you alone decide how much of a witness's testimony to believe and how much weight it deserves.

## INSTRUCTION NO. 13

In determining whether any statement, claimed to have been made by the Defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the Defendant, her treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

## INSTRUCTION NO. 14

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the Rules of Evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 15

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**INSTRUCTION NO. 16**

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 17

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  That should stay secret until you are finished.

# INSTRUCTION NO. 18

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 19

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

**INSTRUCTION NO. 20**

Remember that the Defendant is only on trial for the particular crime charged in the Indictment and lesser degrees of that crime.  Your job is limited to deciding whether the Government has proved the crimes charged beyond a reasonable doubt.

**INSTRUCTION NO. 21**

I have prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the Government has not proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 22

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.